UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLANREWAJU AHMED, *et al.*,

                        Plaintiffs,

      -against-

AALIYAH FRANCIS NOEL, MATTHEW
STAMPFEL,

                        Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 6974 (EK) (CLP)

**POLLAK**, United States Magistrate Judge:

      On May 1, 2023, plaintiffs Olanrewaju Ahmed, Anifatu Oluwo, and Modinat Tesleem (collectively, "plaintiffs") commenced this action against defendants Aaliyah Francis Noel ("Noel") and Matthew Stampfel ("Stampfel") in New York State Supreme Court, Kings County. (ECF No. 1-2). Plaintiffs seek damages for injuries allegedly resulting from a motor vehicle accident that occurred on December 5, 2022 on the Staten Island Expressway, when defendant Noel's vehicle allegedly rear-ended plaintiff Ahmed's vehicle twice, with the second collision allegedly caused by Stampfel rear-ending Noel's vehicle. (Id. at ¶¶ 9-16). On September 21, 2023, the case was removed to federal court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

      Currently pending before this Court are several disputes between plaintiffs and defendant Stampfel. (See ECF Nos. 19, 21). For the reasons set forth below, defendant Stampfel's motion is granted in part and denied in part, and the parties are Ordered the parties to meet and confer then file a letter updating the Court on the various discovery issues raised in Stampfel's motion. Plaintiffs' motion is denied, and the Court respectfully recommends that the district court enter an Order dismissing plaintiffs' claims against defendant Noel.

1

DISCUSSION

A. Stampfel's Request for a Bill of Particulars

In a letter dated March 22, 2024, defendant Stampfel asks that plaintiffs be ordered to provide responses to his demand for a verified Bill of Particulars, which was served prior to the removal of the case to federal court. (Def.'s Mot.[1] at 1). Specifically, defendant asks that plaintiffs be required to specify which categories of injuries they are claiming under New York Insurance Law Section 5102(a) and (d). (Id. at 1-2). In response, plaintiffs indicate that they have provided verified responses to defendant's interrogatories, which were served on March 22, 2024 and ask for the same information. (Pls.' 3/29/24 Ltr.[2] at 2).

Now that the case has been removed to federal court, the Federal Rules of Civil Procedure govern discovery. See Fed. R. Civ. P. 81(c)(1). Given that plaintiffs have responded to defendants' interrogatories, which sought the same information as Stampfel requested in the state-level Bill of Particulars, the Court finds it unnecessary to require plaintiffs to respond. Defendant's motion is denied.

B. Stampfel's Request for an Extension of Time

Stampfel also requests that the Court extend the parties' time to complete fact discovery and expert discovery in light of the need to obtain certain outstanding medical and employment records. (Def.'s Mot. at 3). By letter dated April 19, 2024, plaintiffs indicate that they believe they have responded to all of Stampfel's outstanding discovery requests except Stampfel's request for plaintiff Ahmed's employment records, to which plaintiffs have lodged an objection.

---

[1] Citations to "Def.'s Mot." refer to defendant Stampfel's letter motion for discovery, filed on March 22, 2024 (ECF No. 19).

[2] Citations to "Pls.' 3/29/24 Ltr." refer to plaintiffs' response to Stampfel's letter motion, filed on March 29, 2024 (ECF No. 20).

(Pls.' 4/19/24 Ltr.[3] at 1-2). Plaintiffs assert that because plaintiff Ahmed is not making a claim of lost earnings, the records are not calculated to lead to the discovery of admissible evidence. (Id. at 2).

Furthermore, at the time of Stampfel's letter, the deposition of non-party New York Police Officer Solitano remained outstanding. (Def.'s Mot. at 3). Plaintiffs later indicated that the officer was deposed on April 18, 2024 (Pls.' 4/19/24 Ltr. at 1), so it appears that all depositions have been completed.

Since the time has passed for the deadlines requested by defendant, the Court grants the extension *nunc pro tunc* and Orders the parties to meet and confer then provide a joint status report by **March 14, 2025**, setting forth each side's position on any fact discovery and expert discovery that remains outstanding. Defendant Stampfel's section of the status report should further indicate why plaintiff Ahmed's employment records from Amazon and Global Security are relevant in light of plaintiffs' assertion that plaintiff Ahmed does not claim lost earnings.

C. Stampfel's Designation of Dr. Eial Faierman

Stampfel designated Dr. Eial Faierman, M.D., an orthopedist, to conduct plaintiffs' independent medical examinations ("IME"). (Def.'s Mot. at 3). Plaintiffs object to the scheduling of the examinations based upon their position that the date was beyond the deadlines set by the Court. (Pls.' 3/29/24 Ltr. at 3). If the plaintiffs have not yet appeared for their IMEs, the parties are Ordered to meet and confer within the next two weeks to arrange for a date certain for Dr. Faierman to conduct his examinations. The parties' joint status report, currently due **March 14, 2025**, should include the agreed upon dates for plaintiffs' IMEs.

---

[3] Citations to "Pls.' 4/19/24 Ltr." refer to plaintiffs' status report, filed on April 19, 2024 (ECF No. 21).

D. <u>Plaintiffs' Motion to Compel</u>

Plaintiffs move to compel defendant Stampfel to execute plaintiffs' Stipulation of Discontinuance against defendant Noel ("Stipulation"), dated March 7, 2024.  (Pls.' Mot.[4] at 1).  Plaintiffs' motion was joined by defendant Noel.  (Noel 4/12/24 Ltr.[5]).  Defendant Stampfel has declined to execute the Stipulation, based on his desire to pursue his pending cross claims against Noel for contribution and indemnification.  (Def.'s 4/16/24 Ltr.[6] at 2).

1. <u>Legal Standard</u>

In a diversity case, courts in the Second Circuit apply the substantive law of the forum state, which is New York in this case.  <u>See</u> <u>Omega Engineering, Inc. v. Omega, S.A.</u>, 432 F.3d 437, 443 (2d Cir. 2005).  New York law recognizes that when multiple tortfeasors "act concurrently or in concert to produce a single injury, they may be held jointly and severally liable," <u>Ravo v. Rogatnick</u>, 70 N.Y.2d 305, 309, 514 N.E.2d 1104, 520 N.Y.S.2d 533 (1987), and plaintiffs may recover all of their damages from any of the liable parties.  <u>Graphic Arts Mut. Ins. Co. v. Bakers Mut. Ins. Co. of N.Y.</u>, 45 N.Y.2d 551, 557, 382 N.E.2d 1347, 410 N.Y.S.2d 571 (1978).

Under the New York General Obligations Law, if an injured party settles a claim and gives a release or covenant not to sue or enforce a judgment to "one of two or more persons liable . . . in tort for the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide."  N.Y. Gen. Oblig. L. § 15-108(a).  However, when a plaintiff settles with one or more defendants and proceeds to trial

---

[4] Citations to "Pls.' Mot." refer to plaintiffs' letter motion to compel, filed on April 12, 2024 (ECF No. 21).  Plaintiffs previously noted defendant Stampfel's failure to sign the contested Stipulation of Discontinuance on March 29, 2024, attaching the Stipulation to plaintiffs' letter of the same date.  (<u>See</u> ECF No. 20-1).

[5] Citations to "Noel 4/12/24 Ltr." refer to defendant Noel's letter joining plaintiffs' motion to compel, filed on April 12, 2024 (ECF No. 22).

[6] Citations to "Def.'s 4/16/24 Ltr." refer to defendant Stampfel's letter in response to plaintiffs' motion to compel, dated April 15, 2024 but filed on April 16, 2024 (ECF No. 23).

4

against the remaining defendants, Section 15-108 allows a joint tortfeasor to assert an affirmative defense seeking the apportionment of liability, which prompts the jury to decide each defendant's degree of fault "by assessing the damage inflicted" by each tortfeasor.  Hill v. St. Clare's Hosp., 67 N.Y.2d 72, 85, 490 N.E.2d 823, 499 N.Y.S.2d 904 (1986); see also Bryant v. State, 7 N.Y.3d 732, 733, 850 N.E.2d 1161, 818 N.Y.S.2d 186 (2006) (stating that "apportionment of fault is a component of the liability determination").  The law also allows the non-settling defendant to seek a monetary offset against the verdict based on the settlement.  See Whalen v. Kawasaki Motors Corp., 92 N.Y.2d 288, 292, 703 N.E.2d 246, 680 N.Y.S.2d 435 (1998) (explaining that Section 15-108 protects non-settling tortfeasor(s) who proceed to trial by "permit[ting] non[-]settling defendants a monetary offset against the amount of a verdict"); Mathis v. United Homes, LLC, 607 F. Supp. 2d 411, 431 (E.D.N.Y. 2009) (holding that Section 15-108 is designed to "assur[e] that a non[-]settling defendant does not pay more than [his] equitable share").

When a non-settling tortfeasor seeks apportionment of fault or a monetary offset, "the permitted reduction is the greatest of three items:  (a) the amount stipulated as consideration for the release; (b) the amount actually paid for the release; or (c) the settling tortfeasor's equitable share of plaintiff's damages."  Whalen v. Kawasaki Motors Corp., 92 N.Y.2d at 292.  This provision is designed to protect non-settling defendants from having to bear more than their fair share of a plaintiff's loss and it avoids any possibility of double recovery for the plaintiff.  Williams v. Niske, 81 N.Y.2d 437, 442-44, 615 N.E.2d 1003, 599 N.Y.S.2d 519 (1993).

Section 15-108 also provides protection for the settling defendant.  In order to "remove a disincentive to settlement," the New York Legislature amended Section 15-108 to "provide that a settling tort-feasor can neither obtain, nor be liable for, a contribution claim."  Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d 21, 25, 484 N.E.2d 1354, 494 N.Y.S.2d 851 (1985) (citing sources);

5

see also N.Y. Gen. Oblig. L. §§ 15-108(b)-(c).  A release under this provision will only be valid if:  (1) the plaintiff "receives . . . monetary consideration greater than one dollar; (2) the release or covenant completely or substantially terminates the dispute between the plaintiff . . . and [the alleged tortfeasor]; and (3) such release or covenant is provided prior to entry of judgment."  N.Y. Gen. Oblig. L. §§ 15-108(d)(1)-(3).

Section 15-108 "defines and limits only the right to contribution; it has no bearing on the right to indemnity."  Rotter v. Leahy, 93 F. Supp. 2d 487, 496 (S.D.N.Y. 2000); see also Williams v. Nik-Net LLC, No. 12 CV 3310, 2016 WL 11269180, at *2-3 (E.D.N.Y. Jan. 7, 2016) (stating that "the New York Court of Appeals has long-held that, in contrast to claims for *contribution*, [Section 15-108] does not apply to bar claims for common-law *indemnification*" and defining the two terms) (emphasis provided) (internal citations omitted).

The distinction between a contribution claim and an indemnification claim does not depend upon the parties' designation of the claim as one or the other.  Glaser v. M. Fortunoff of Westbury Corp., 71 N.Y.2d 643, 646-47, 524 N.E.2d 413, 529 N.Y.S.2d 59 (1988).  Common law claims for indemnification are based on the notion that a party who has committed no wrong, but who has been held responsible by operation of law or through vicarious liability, may seek to shift the loss to the actual party responsible for causing the harm in order to avoid unjust enrichment of one party at the expense of the other.  See McCarthy v. Turner Constr., Inc., 17 N.Y.3d 369, 374-75, 953 N.E.2d 794, 929 N.Y.S.2d 556 (2011).  In order to prevail on a claim on common law indemnification, the party seeking indemnification must show that it was not responsible for the harm to any degree.  See Dora Homes, Inc. v. Epperson, 344 F. Supp. 2d 875, 894 (E.D.N.Y. 2004).  By contrast, contribution is the only remedy available when a party is at

least partly responsible due to its own conduct. Glaser v. M. Fortunoff of Westbury Corp., 71 N.Y.2d at 646.

A non-settling tortfeasor must raise the protections of Section 15-108 as an affirmative defense. Whalen v. Kawasaki Motors Corp., 92 N.Y.2d at 293. If a non-settling tortfeasor's original answer fails to raise this defense, the tortfeasor may amend his answer at any time, even after trial, so long as amendment does not prejudice the injured party. Id. However, amendment before a liability determination ensures that a tortfeasor can rely on apportionment of fault, which is no longer available after liability has been determined. See Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008) (holding that a defendant "forfeits [his] right under § 15-108 to an offset in the amount of the settling codefendant's equitable share if [he] waits until after summary judgment on liability to seek an apportionment").

2. Analysis

In a letter dated March 22, 2024, Stampfel's counsel asserts that she was "informed on February 29, 2024 that plaintiffs' counsel agreed . . . to settle his clients['] claims against defendant Noel only." (Def.'s Mot. at 1). Counsel then states that Stampfel's cross claims "against Noel have not been discontinued." (Id.)

By letter motion dated April 12, 2024, plaintiffs' counsel formally asks the Court to direct Stampfel's counsel to execute the Stipulation related to plaintiffs' settlement with defendant Noel. (Pls.' Mot. at 1). According to plaintiffs, they resolved their claims against Noel after Noel "tendered her insurance policy of $50,000.00 to be split equally amongst the plaintiffs." (Id.) Despite being informed of the relevant provisions of Section 15-108, plaintiffs indicate that Stampfel's counsel is "flatly refusing" to execute plaintiffs' Stipulation. (Pls.' 3/29/24 Ltr. at 1-2).

On April 12, 2024, defendant Noel also joined the plaintiffs' motion, asserting that defendant Stampfel could not refuse to sign the Stipulation based on his wish to maintain his cross claim for contribution against Noel, again citing Section 15-108. (Noel 4/12/24 Ltr. at 1-2).

On April 15, 2024, defendant Stampfel's counsel indicates that she did not sign the Stipulation because "Stampfel's cross[] claims against Noel [for common law contribution or indemnity] have not been discontinued and Stampfel does not wish to lose his right to an apportionment of fault at trial and any offset for damages which is afforded by NY GOL." (Def.'s 4/16/24 Ltr. at 2). Counsel also indicates that Stampfel's Answer "includes an affirmative defense that plaintiff[s'] damages are limited by [Section 15-108] and therefore, Stampfel may seek an apportionment of liability between he [sic] and the settling defendant Noel at trial." (Id. (citing N.Y. Gen. Oblig. L. § 15-108(a); N.Y. C.P.L.R. Arts. 14, 16; also citing cases)).

As an initial matter, defendant Noel's settlement with plaintiffs appears to satisfy the requirements of Section 15-108(b). Specifically, plaintiffs received $50,000 from Noel's insurance policy; in exchange they will drop their claims and seek to dismiss their claims against Noel. Furthermore, this release is timely as it occurred during discovery, long before entry of judgment. The Court also notes that defendant Stampfel does not object to the release based on the validity of the settlement agreement.

Indeed, based on Section 15-108(a), defendant Noel is entitled to dismissal of plaintiffs' claims against her because those claims have been settled. Although this Court lacks the authority to enter an Order requiring Stampfel to execute the Stipulation, it is respectfully recommended that the district court enter an Order approving the Stipulation and dismissing Noel from the action. See Mielcarek v. Knights, 50 A.D.2d 122, 128-29, 375 N.Y.S.2d 922 (4th

8

Dep't 1975) (granting defendant's motion for a discontinuance because an "order of discontinuance of the settling tortfeasor fully accords with the purpose of [Section 15-108]"). Plaintiffs and defendant Noel should prepare and docket a Proposed Order of Dismissal for approval by the district judge. See Reyes v. Abundant Nursing, Inc., No. 19 CV 2596, 2020 WL 13553686, at *1 (E.D.N.Y. May 1, 2020) (directing plaintiff to revise his proposed order of dismissal to address the district judge because a magistrate judge "does not have the authority to enter a dispositive order without the consent of the parties").

Defendant Stampfel's refusal to sign the Stipulation based on his concern about waiving his right to seek apportionment of fault or a monetary offset is misguided. Having raised Section 15-108 as an affirmative defense in his Answer (see ECF No. 1-1, ¶ 9), Stampfel's right to seek apportionment of fault or an offset has been preserved despite plaintiffs' settlement with Noel. See Whalen v. Kawasaki Motors Corp., 92 N.Y.2d at 292.

Defendant Noel is entitled to dismissal of Stampfel's cross claim of contribution by operation of Section 15-108(b). See Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d at 25 (stating that the parties' settlement "statutorily extinguished" contribution claim by operation of Section 15-108); see also Mathis v. United Homes, LLC, 607 F. Supp. 2d at 432. Since the Court finds Stampfel's cross claim for contribution against Noel is no longer viable by operation of Section 15-108, the Court would recommend dismissal of this claim. However, because defendant Noel has not formally moved to dismiss Stampfel's cross claim, the Court leaves it to the parties to determine the best way forward.

However, Section 15-108 does not apply to defendant Stampfel's cross claim for indemnification against defendant Noel, and thus, this cross claim survives Noel's settlement with the plaintiffs. See Williams v. Nik-Net LLC, 2016 WL 11269180 at *2; see also Minpeco,

9

S.A. v. Conticommodity Servs., Inc., 677 F. Supp. 151, 154 (S.D.N.Y. 1988) (stating that Section 15-108 has been "construed to bar contribution from a settling defendant, even if that defendant is vicariously liable for a non[-]settling defendant").  Whether defendant Stampfel will be successful in pursuing a common law claim for indemnification against Noel has not been addressed by the parties and is beyond the scope of what this Court has been asked to address in this opinion.  See, e.g., Williams v. Nik-Net LLC, 2016 WL 11269180 at *4 (declining to dismiss third-party complaint that asserts two alternative bases for defendants' liability – defendants' own negligence and vicarious liability under New York traffic law – but citing cases that support its finding that third-party complaint would be subject to dismissal if defendants' own negligence was "sole theory of liability . . . because the only remedy available . . . would be contribution").

Although there will no longer be a direct action pending against Noel when plaintiffs' claims against her are dismissed, the district court can convert Stampfel's cross claim for indemnification into a third-party cause of action.  See, e.g., Soodoo v. LC, LLC, 116 A.D.3d 1033, 1034, 985 N.Y.S.2d 258 (2d Dep't 2014) (citing cases); see also Choi v. Hoyt De Leon Corp., No. 19 CV 4445, 2023 WL 5671993, at *6-7 (E.D.N.Y. Sept. 1, 2023) (declining to rule on third-party indemnification claim "prior to any liability determination, particularly where conflicting testimony makes it unclear which parties were negligent").

Accordingly, the Court denies plaintiffs' motion, and respectfully recommends that the district court enter an Order dismissing plaintiffs' claims against defendant Noel.  Given Stampfel's objection and refusal to execute the Stipulation, plaintiffs should draft and docket a Proposed Order of Dismissal for the district court's consideration by **March 28, 2025**.  The Court leaves it to the parties to determine how to address defendant Stampfel's cross claims for contribution and indemnification.

CONCLUSION

For the reasons set forth herein, defendant Stampfel's motion is granted in part and denied in part. The parties shall file a joint status report by **March 14, 2025**, which shall include the information described above.

The Court also denies plaintiffs' motion, and respectfully recommends that the district court enter an Order dismissing plaintiffs' claims against defendant Noel. The parties may prepare and docket a Proposed Order of Dismissal for the district court's review by **March 28, 2025**. As discussed above, the Court leaves it to the parties to determine the best way to address defendant Stampfel's cross claims for contribution and indemnification.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 28, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

11